HAVERFIELD, Judge.
Defendant insurer appeals an adverse final judgment determining that plaintiff’s textile goods destroyed in a warehouse fire were covered under defendant’s marine open cargo policy.
Plaintiff-appellee, D. Black and Sons, Inc., an exporter of textile goods, in 1965 obtained from Frank C. Petrine, agent of Searle & Morris Coral Gables Insurance, Inc., an open marine cargo insurance policy issued by the defendant-appellant Glens Falls Insurance Company. The policy provided, inter alia, warehouse to warehouse coverage, i. e. from the time the textile goods left the mill until the goods reached their final destination. Under the terms of the policy, if plaintiff desired insurance on a particular cargo shipment, it was authorized to issue certificates of insurance and a separate premium for each insured shipment was provided depending upon the value and destination. Upon receipt of an order from an overseas buyer, plaintiff customarily purchased the textiles from various mills and directed them sent to a packing plant located at a port such as Charleston, S. C. where the goods are repacked and held for export. Upon the transporting ship’s arrival, a warehouse forwarder would cut export declarations, issue bills of lading for the steamship company which would transport the cargo, and have the goods taken to the terminal and loaded on board. After receiving the bill of lading and a letter of credit from the customer, plaintiff would then decide whether or not to issue a certificate of insurance depending upon whether the customer had adequate coverage.
On November 4, 1972 plaintiff had goods stored in a warehouse in Charleston await *618 ing shipment and on that date a fire occurred at the warehouse totally destroying the goods. Certificates of insurance had not been issued as the bill of lading had not yet been prepared and forwarded to plaintiff. Following the fire, plaintiff called Frank Petrine of Searle & Morris and inquired as to whether certificates of insurance should be issued on the destroyed goods. Petrine informed plaintiff that it was not necessary and certificates were not issued. Thereafter plaintiff made a claim through Petrine which was denied by Glens Falls. Plaintiff thereupon filed the instant lawsuit against Glens Falls for wrongful denial of coverage and against Searle & Morris on the alternative theory that its agent Petrine failed to procure valid insurance covering the loss. The cause proceeded to a non-jury trial, at the conclusion of which the judge found there was coverage and entered judgment for plaintiff against Glens Falls. The judge incorporated into his judgment an alternative finding that should the judgment against Glens Falls be reversed, then he would enter judgment for plaintiff against Searle & Morris on the theory of negligence. Glens Falls basically contends the judge erred in his determination that plaintiff could insure the goods after they were destroyed by the fire. We find this point well taken.
Ordinarily policies of marine insurance are conditioned on the existence of the subject of insurance at the time the policies are written and if a loss is known to both parties, a certificate of marine insurance thereafter issued could not affect the rights of the parties because it would be without consideration and void. See St. Paul Fire & Marine Ins. Co. v. Pure Oil Co., 63 F.2d 771 (2nd Cir. 1933); 44 C.J.S. Insurance § 235 (1945); 4 Appleman, Insurance Law and Practice § 2401 (rev. Ed. 1969).
It is undisputed that certificates of insurance had not been issued, either at the time the goods were destroyed or anytime thereafter. Further, the record reflects that plaintiff did not pay a premium for the master policy and only paid a premium after it issued a certificate of insurance. Thus, we find that the destroyed goods were not covered. The judgment against Glens Falls is reversed and for a discussion of the effect of the alternative finding of liability for negligence on the part of Searle & Morris, see this court’s opinion in Petrine v. D. Black & Sons, Inc., 338 So.2d 912 (Fla. 3d DCA 1976).
Reversed.